IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.B., a minor, by and through his parent, G.B., | 2:07-cv-926-GEB-CMK |
| Plaintiff, | |
| v. | ORDER[*] |
| CHICO UNIFIED SCHOOL DISTRICT; CHET FRANCISCO; MAUREEN DIETZ; DALE DURNIAK; DAVE SCOTT; CHERI McGUIRE; ERIC SNEDEKER; and JOYCE BURDETTE, | |
| Defendants. | |

Defendants move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of certain claims from Plaintiff's complaint. The complaint alleges state and federal claims arising from several encounters between Plaintiff, who has a developmental disorder, and employees of Defendant Chico Unified School District ("the District") including Defendants Chet Francisco ("Francisco"), Maureen Dietz ("Dietz"), Dale Durniak ("Durniak"), Dave Scott

---

[*] This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

("Scott"), Cheri McGuire ("McGuire"), Eric Snedeker ("Snedeker"), and Joyce Burdette ("Burdette") (collectively, the "individual Defendants"). Specifically, Defendants seek dismissal of: Plaintiff's substantive due process claim; Plaintiff's state law claims against the District; Plaintiff's state law claims against Defendants Francisco, Scott, Snedeker and Burdette; and Plaintiff's negligent infliction of emotional distress ("NIED") claim. The District also moves to strike Plaintiff's request for punitive damages against it. Plaintiff opposes the motions.

## PLAINTIFF'S FACTUAL ALLEGATIONS[1]

Plaintiff was diagnosed with Pervasive Developmental Disorder, which makes him "highly sensitive to sounds and touch," and causes him to "misread social cues and ha[ve] [] difficulties coping with transitions." (Compl. ¶¶ 1, 22-23.) In the Fall of 2005, Plaintiff was enrolled in a "full inclusion" first grade class at a school within the District. (Id. ¶¶ 1, 25.)

On October 13, 2005, Plaintiff refused to return a paint brush to a teacher at the end of class time. (Id. ¶ 31.) The teacher forcibly took the paint brush away, which caused Plaintiff to become upset and push his desk. (Id. ¶ 32.) In response, District employees "physically seized [Plaintiff] by grabbing [him] by the shoulders" and "shoved [him] into the hallway." (Id. ¶¶ 32-33.) While in the hallway, Defendant McGuire, the school principal, "pinn[ed] [Plaintiff] to the wall by forcing him into a seated position while pushing him down." (Id. ¶ 34.) Plaintiff freed himself, but

---

[1] Since Defendants seek dismissal under Rule 12(b)(6), "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." Williams ex rel. Tabiu v. Gerber Prods. Co., 523 F.3d 934, 937 (9th Cir. 2008).

"[f]urther down the hallway he was forcefully seized again . . . ." (Id. ¶ 37.)  District employees "seized [Plaintiff] by grabbing [his] wrists and pulling [his] arms over his head."  (Id. ¶ 38.)  Plaintiff alleges that at this point, Defendant Dietz, a District employee, "seized [Plaintiff] by grabbing [him] by his shirt and dragged him into a small room against his will."  (Id. ¶ 40.)  Dietz then "used her full body weight to immobilize [Plaintiff]."  (Id. ¶ 41.)  The school called Plaintiff's mother, and when she arrived, she "witnessed [] Deitz pinning [Plaintiff] between a table and chair with her full body weight, while choking [Plaintiff] on the shoulders and neck." (Id. ¶ 43.)

Plaintiff alleges that District employees also seized him by "grabbing" him and "holding" him on January 31, 2006, February 1, 2006 and February 28, 2006.  (Id. ¶¶ 59-62.)

Plaintiff also alleges that on May 19, 2006, a District employee "seized [Plaintiff] by grabbing his wrist and held him inappropriately."  (Id. ¶ 63.)  Following this incident, the District employee "informed other teachers of [Plaintiff's] disabilities so the other teachers would keep children away from [Plaintiff,] depriving him of the right to fully benefit from his education."  (Id. ¶ 64.)

Plaintiff further alleges that on June 19, 2006, while at school, he "became upset and asked to call [his] mother.  However, [a District employee] . . . did not allow [Plaintiff] to call his mother."  (Id. ¶¶ 65-66.)  When Plaintiff left the classroom in an attempt to find his mother, Defendant Durniak "aggressively seized [Plaintiff] by grabbing his wrist . . . then hit [Plaintiff] on the nose."  (Id. ¶¶ 67-68.)

1          Plaintiff alleges substantive due process, equal protection,
2  Fourth Amendment, and California Education Code section 49001 claims
3  against the individual Defendants.  Plaintiff also alleges
4  Rehabilitation Act, Americans with Disabilities Act ("ADA"), and
5  California Civil Code section 51(b) claims against the District.
6  Finally, Plaintiff alleges state law claims for assault, battery,
7  negligence, false imprisonment, NIED, and intentional infliction of
8  emotional distress against all Defendants.

                                DISCUSSION[2]

I. Substantive Due Process Claim

          The individual Defendants seek dismissal of Plaintiff's substantive due process claim, arguing that Plaintiff's allegations of excessive force should be analyzed under the Fourth Amendment, rather than the substantive due process theory of liability.  (Mot. at 5:9-19 (citing Graham v. Connor, 490 U.S. 386, 394 (1998)).)

          "'[E]xcess force by a [school official] against a student violate[s] the student's constitutional rights.'"  Preschooler II v. Clark County Sch. Bd. of Trustees, 479 F.3d 1175, 1180 (9th Cir. 2007) (quoting P.B. v. Koch, 96 F.3d 1298, 1302-03 (9th Cir. 1996)).  Under Graham v. Connor, courts must "analyze claims of excessive force under a more specific constitutional provision, if one applies, rather than the general notion of substantive due process."  Doe ex rel. Doe v. State of Haw. Dep't of Educ., 334 F.3d 906, 908 (9th Cir. 2003).  "The consequences of a teacher's force against a student at school are generally analyzed under . . . the Fourth Amendment, although

---

[2]   The Rule 12(b)(6) dismissal standard is well known and need not be repeated here.

4

historically courts applied substantive due process analysis . . . ." Preschooler II, 479 F.3d at 1180.

Plaintiff counters that the Doe court held "it may be possible for a school official to use excessive force against a student without seizing or searching the student," and under those circumstances, the claim "might be more appropriately analyzed under the Due Process Clause of the Fourteenth Amendment than under the Fourth Amendment." Doe, 334 F.3d at 909. Plaintiff argues he "asserts many injurious facts which are not exclusive to search and seizure" and therefore are properly analyzed as a substantive due process claim. (Opp'n at 3:20-21.) Plaintiff alleges he was shoved, dragged, choked, hit, restrained, seized, grabbed, pinned down, pushed and held. (See Compl. ¶¶ 32-68.) But the individual Defendants have shown that these allegations are properly analyzed as seizures under the Fourth Amendment, not as substantive due process violations. See Preschooler II, 479 F.3d at 1180 (holding that teacher's seizure of student and alleged slapping, beating and "slamming" must be analyzed under Fourth Amendment). Therefore, Plaintiff's substantive due process claim based on those allegations is dismissed.

Plaintiff contends his substantive due process claim is also based on: (1) a District employee's disclosure of Plaintiff's private information about his disability to other teachers on May 19, 2006; and (2) a District employee's refusal to allow Plaintiff to communicate with his mother on June 19, 2006. (Compl. ¶¶ 64, 66; Opp'n at 3:24-26.) The individual Defendants have not shown that these allegations must be analyzed under the Fourth Amendment; therefore, the motion to dismiss these two claims is denied.

II. State Law Claims Against the District

The District also seeks dismissal of Plaintiff's state law claims against it, arguing these claims are barred by its Eleventh Amendment immunity defense.[3] (Mot. at 6:7-7:5.) The District argues that "California public school districts are considered an 'arm of the state' and are entitled to invoke Eleventh Amendment immunity to suit in Federal Court." (Id. at 6:20-22 (citing Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 251-54 (9th Cir. 1992) (affirming district court's holding that a California "school district is protected by the Eleventh Amendment")).)

Plaintiff concedes that the District "is a state agency for purposes of the Eleventh Amendment" and "Defendants are correct that the Eleventh Amendment bars state claims as to the District, but only to the extent[] that the relief sought is retrospective." (Opp'n at 4:20-21.) Plaintiff argues that his state law claims against the District should not be dismissed because he seeks injunctive relief. (Id. at 5.)

However, "[t]he Eleventh Amendment bars suits which seek either damages **or injunctive relief** against a state, an 'arm of the state,' its instrumentalities, or its agencies." Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (emphasis added) (citing Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991)). Plaintiff contends his request for injunctive relief is allowable under the Ex Parte Young, 209 U.S. 123 (1908) exception to Eleventh Amendment immunity. (Opp'n at 5.) This exception does not apply to

---

[3] The claims at issue are Plaintiff's claims for assault, battery, negligence, false imprisonment, NIED, intentional infliction of emotional distress, and violation of California Civil Code § 51(b).

6

1  the state claims at issue.  See Seminole Tribe v. Florida, 517 U.S.
2  44, 73 (1996) (holding Ex Parte Young exception applies to a "suit
3  against a state official . . . seek[ing] only prospective injunctive
4  relief in order to 'end a continuing violation of federal law'")
5  (quoting Green v. Mansour, 474 U.S. 64, 68 (1985)).  Accordingly, the
6  District's motion is granted on Plaintiff's state law claims.

### III. State Law Claims Against Francisco, Scott, Snedeker and Burdette

Defendants Francisco, Scott, Snedeker and Burdette seek dismissal of Plaintiff's state law claims against them, arguing Plaintiff failed to comply with the mandatory filing requirements under the California Tort Claims Act since Plaintiff's tort claim filed under that Act did not name them.  (Mot. at 7-8.)  Plaintiff counters he has complied with the Act.  (Opp'n at 6-9.)

"A plaintiff must comply with the exhaustion requirements of the California Tort Claims Act when alleging 'a cause of action against a public employee . . . for injury resulting from an act or omission in the scope of his employment as a public employee . . . .'" Wilson-Combs v. Cal. Dep't of Consumer Affairs, 2008 WL 2080764, *6 (E.D. Cal. May 14, 2008) (quoting Cal. Gov't Code § 950.2).  Among the requirements for presenting a tort claim is to include the "name or names of the public employee or employees causing injury, damage, or loss, if known."  Cal. Gov. Code § 910(e).

Plaintiff argues these Defendants have waived this argument since they failed to notify Plaintiff upon the presentation of his tort claim that it was insufficient.  (Opp'n at 6:21-25 (citing Cal. Gov't Code § 911 (stating defenses based on sufficiency of Tort Claims Act claim are waived "by failure to give notice of insufficiency [to the claimant] with respect to the defect or omission")).)  Defendants

7

counter "[t]his is not a situation where the claim was defective, it is a situation where the claim appears valid on its face and Plaintiff simply left out the names of some of the individuals he subsequently sued." (Reply at 5:14-17.) Plaintiff has not shown that the Defendants named in the Tort Claims Act claim should have realized who the missing defendants were and notified Plaintiff of the insufficiency of his claim. Accordingly, the defense that Plaintiff's Tort Claims Act claim was insufficient has not been waived.

Plaintiff argues he has substantially complied with the tort claim presentation requirements. (Opp'n at 7:23-8:5.) "Where there has been some compliance with all the required elements, but the compliance has been defective, courts employ the substantial compliance test." Freeman v. City of Fresno, 2005 WL 1378946, *12-13 (E.D. Cal. June 7, 2005) (citing City of San Jose v. Sup. Ct. of Santa Clara County, 12 Cal. 3d 447, 456 (1974)).

The substantial compliance standard is met if "there sufficient information disclosed on the face of the filed claim to reasonably enable the public entity to make an adequate investigation of the merits of the claim and to settle it without the expense of a lawsuit." City of San Jose, 12 Cal. 3d at 456. Defendants Francisco, Scott, Snedeker and Burdette do not assert that Plaintiff's tort claim did not enable the District to adequately investigate the merits of the claim or settle it prior to Plaintiff's lawsuit; they only argue that Plaintiff's tort claim identified other District employees and failed to specifically identify them. (Mot. at 8:7-9.) The Freeman court held that the substantial compliance standard is met when a plaintiff names the public employees known to him, even if the plaintiff fails to name every employee who is ultimately named as a

defendant in the federal action. <u>Freeman</u>, 2005 WL 1378946 at *13 (denying motion to dismiss against public employee not named in Tort Claims Act claim since plaintiff's "failure to name each and every individual involved . . . is not fatal to h[is] tort claims against [the employee who was not named]"). Since these Defendants have failed to show that Plaintiff's tort claim does not meet the substantial compliance standard, this portion of the motion is denied.

<u>IV. NIED</u>

The individual Defendants seek dismissal of Plaintiff's NIED claim, arguing it is "duplicative of Plaintiff's . . . negligence" claim.[4] (Mot. at 8:19-21.) Plaintiff responds, "To the extent that Plaintiff's separate claims for negligent infliction of emotional distress are included in a claim for negligence, Plaintiff requests that his damages for emotional distress be permitted to be pleaded under that cause of action." (Opp'n at 10:1-4.)

"Under California law, there is no independent tort of NIED. Rather, NIED is simply a form of negligence . . . ." <u>Pappas v. Starwood Hotels & Resorts Worldwide, Inc.</u>, 2005 WL 3500691, *3 (E.D. Cal. Dec. 19, 2005) (internal citations omitted) (citing <u>Potter v. Firestone Tire & Rubber Co.</u>, 6 Cal. 4th 965, 984 (1993)). In his opposition brief, Plaintiff in essence concedes that his NIED claim is insufficient; he requests leave to amend his complaint to add a request for emotional distress damages under his negligence claim. Accordingly, Plaintiff's NIED claim is dismissed "as a separate cause of action but [] Plaintiff [is given] leave to plead emotional

---

[4] The District also seeks dismissal of this claim on this ground, but the claim against the District has already been dismissed based on the District's Eleventh Amendment immunity defense.

1 distress damages due to Defendants' negligence." <u>Thomas v. Hickman</u>,
2 2006 WL 2868967, *24 (E.D. Cal. Oct. 6, 2006).
3 <u>V. Motion to Strike Punitive Damages Against the District</u>
4       The District seeks to strike Plaintiff's request for
5 punitive damages against it, arguing Plaintiff's claims do not support
6 punitive damages against a public entity. (Mot. at 9.) However,
7 Plaintiff only seeks punitive damages on his state law claims against
8 the District, which have already been dismissed based on the
9 District's Eleventh Amendment immunity defense. Accordingly, the
10 motion to strike need not be reached.

SUMMARY

12       The dismissal motion is granted on (1) Plaintiff's
13 substantive due process claim based on allegations that Plaintiff was
14 shoved, dragged, choked, hit, restrained, seized, grabbed, pinned
15 down, pushed and/or held; (2) Plaintiff's state law claims against the
16 District; and (3) Plaintiff's NIED claim. The remainder of the
17 dismissal motion is denied. The motion to strike is not reached.
18       Plaintiff is granted ten days leave from the date on which
19 this order is filed to file an amended complaint curing curable
20 deficiencies in a dismissed claim.
21       IT IS SO ORDERED.
22 Dated: August 13, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge