IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
T.B., a minor, by and through his  )
parent, G.B.,                      )    2:07-CV-926-GEB-CMK
          Plaintiff,               )
                                   )    ORDER*
     v.                            )
                                   )
CHICO UNIFIED SCHOOL DISTRICT,     )
et al.,                            )
                                   )
          Defendants.              )
_____)
```

Defendants move to dismiss certain of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) and to strike portions of Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(f).[1]

Plaintiff rejoins Defendants' motions are barred by Rule 12(g) since Defendants previously brought Rule 12 motions and may not make another Rule 12 motion raising an issue omitted from their earlier motion. Defendants counter Rule 12(g) should not bar their

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] Unless otherwise indicated, all references herein to Rules are to the Federal Rules of Civil Procedure.

1

motions since "the prohibition on successive Rule 12 motions is not absolute." "Where a successive Rule 12 [] motion is not brought in bad faith or for dilatory purposes, and resolution of the motion would expedite the case, a court may exercise its discretion and relax the commands of Rule 12(g) in order to resolve the successive motion." Ass'n of Irritated Residents v. C&R Vanderham Dairy, No. CIV F 05-1593, 2006 WL 2644896, at *7 (E.D. Cal. Sept. 14, 2006) (citations omitted). Here, the record does not indicate Defendants' motions are brought in bad faith or for dilatory purposes, and it appears that resolution of the motions would expedite the case. Therefore, the motions are decided.

Defendants seek dismissal of Plaintiff's substantive due process claims which are based on allegations that Plaintiff "was shoved, dragged, choked, hit, restrained, seized, grabbed, pinned down, pushed and held," since this portion of Plaintiff's substantive due process claims was dismissed in an Order filed August 13, 2008. Defendants are correct. This portion of Plaintiff's substantive due process claims is dismissed without leave to amend.

Defendants also seek dismissal of Plaintiff's assault and battery claims against Defendants Scott, Francisco, Snedeker, and Burdette, arguing Plaintiff has not alleged how these Defendants assaulted or battered him. Plaintiff counters these Defendants are vicariously liable for the tortious acts their subordinates committed against him. Defendants rejoin "[s]upervisory personnel may not be held liable purely on a respondeat superior theory. It is necessary that the supervisory individual participate in some manner in the allegedly unlawful actions of his employee or subordinate," citing Kreutzer v. County of San Diego, 153 Cal. App. 3d 62, 70-71 (1984).

Plaintiff does not allege how these Defendants participated in the alleged tortious conduct committed by their subordinates. Accordingly, this portion of Defendants' motion is granted.

Defendants also seek to strike and/or dismiss the allegations in Plaintiff's negligence claims that Plaintiff "was shoved, dragged, choked, hit, restrained, seized, grabbed, pinned down, pushed and held." Defendants argue these allegations are not relevant to Plaintiff's negligence claims since intentional acts cannot be the basis of a negligence claim. Plaintiff counters his negligence claims include allegations supporting negligent infliction of emotional distress, and that he is authorized to plead the extent of Defendants' culpability, citing American Employer's Ins. Co. v. Smith, 105 Cal. App. 3d 94, 100 (1980). This decision supports Plaintiff's position. The court in American Employer's Ins. explains:

> Negligence is a matter of risk-that is to say, of recognizable danger of injury. It has been defined as "conduct which involves an unreasonably great risk of causing damage," or, more fully, conduct "which falls below the standard established by law for the protection of others against unreasonably great risk of harm." "Negligence is conduct, and not a state of mind." In most instances, it is caused by heedlessness or carelessness, which makes the negligent party unaware of the results which may follow from his act. But it may also exist where he has considered the possible consequences carefully, and has exercised his own best judgment.
>
> Conduct which causes harm may extend from total innocence to intentional misconduct. As the probability of injury to another, apparent from the facts within his knowledge, becomes greater, his conduct takes on more of the attributes of intent, until it reaches that substantial certainty of harm which juries, and sometimes courts, may find inseparable from intent itself. Such intermediate mental states, based upon a recognizable great probability of harm, may still properly be classed as "negligence," but are commonly called "reckless," "wanton," or even "wilful."

1 Id. (internal quotations and citations omitted).  Therefore, this
2 portion of Defendants' motion is denied.
3          Further, Defendants seek to strike from Plaintiff's
4 negligence claims his prayer for punitive damages.  Plaintiff counters
5 punitive damages are available for non-intentional torts, relying on
6 California Civil Code § 3294, which provides punitive damages are
7 available where a defendant is guilty of "oppression, fraud, or
8 malice."

>          It has long been the rule that conduct classified
>          only as unintentional carelessness, while it may
>          constitute negligence or even gross negligence,
>          will not support an award of punitive damages.
>          But the Donnelly court is careful to point out
>          that a nonintentional tort can have the
>          characteristics of an intentional tort to the
>          extent of embracing the concept of malice as used
>          in Civil Code section 3294.  Thus, the Donnelly
>          court observed: "A tort having some of the
>          characteristics of both negligence and willfulness
>          occurs when a person with no intent to cause harm
>          intentionally performs an act so unreasonable and
>          dangerous that he knows, or should know, it is
>          highly probable that harm will result. [] Such a
>          tort . . . is most accurately designated as wanton
>          and reckless misconduct.  It involves no
>          intention, as does willful misconduct, to do harm,
>          and it differs from negligence in that it does
>          involve an intention to perform an act that the
>          actor knows, or should know, will very probably
>          cause harm. [] Wanton and reckless misconduct is
>          more closely akin to willful misconduct than to
>          negligence, and it has most of the legal
>          consequences of willful misconduct.  Thus, it
>          justifies an award of punitive damages . . . ."

23 Nolin v. Nat'l Convenience Stores, Inc., 95 Cal. App. 3d 279, 285-86
24 (1979) (quoting Donnelly v. S. Pac. Co., 18 Cal. 2d 863, 869-870
25 (1941)).  Since Plaintiff's allegations have characteristics of an
26 intentional tort, this portion of Defendants' motion is denied.
27          Defendants also seek to strike Plaintiff's prayer for
28 injunctive relief, arguing it is not clear what conduct Plaintiff

4

seeks to enjoin.  Since Plaintiff fails to specify what injunctive relief he seeks, this portion of Defendants' motion is granted.

Lastly, Defendants seek to strike Plaintiff's allegations that his parent G.B. "was terrified by the sight of [Defendant Dietz] crushing her young son"; "ha[s] suffered from continuing mental anguish and distress relating to the trauma of [the tortious acts committed against Plaintiff]; "was forced to . . . stay with [Plaintiff] in their family home . . . [and thus] was not free to accept full employment during [and after] school hours . . . resulting in a loss of income"; and "has suffered physical manifestations of stress as a result of witnessing her son being abused and being faced with raising a traumatized child."  (First Am. Compl. ¶¶ 44, 47, 51, 52.)  Plaintiff counters these allegations are relevant to show Plaintiff's damages.  Since G.B. is not a party in this action, this portion of Defendants' motion is granted.

Dated:  December 19, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge