# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

T.B., a minor, by and through his parent, G.B.,

    Plaintiff,

vs.

CHICO UNIFIED SCHOOL DISTRICT, et al.,

    Defendants.

No. CIV S-07-0926-GEB-CMK

ORDER

Pending before the court is defendants' motion to compel plaintiff's attendance at a videotaped independent mental examination (IME) (Doc. 31).[1] A hearing on this motion was held on March 26, 2009, before the undersigned. Attorney Jay Jambeck appeared telephonically for plaintiff; defense counsel, John Kelley, appeared in person. The parties stipulated to a hearing on shortened notice (Doc. 30).

/ / /

/ / /

---

[1] Also pending is plaintiff's request for judicial notice. At the hearing, defendants objected to the court taking judicial notice of the content of the brief filed in a Florida state case. Plaintiff's request for judicial notice is granted.

1

## I. BACKGROUND

This case arises from an alleged injury of an 8-year old autistic child. Plaintiff has alleged that due to the actions of the defendants, he suffers from Post Traumatic Stress Disorder (PTSD). The parties agree that the defense is entitled to have an expert examine plaintiff. The issues in dispute is whether that examination can be videotaped, as requested by the defense expert, and whether plaintiff's mother should be compelled to participate in the examination. The parties agreed to a hearing on shortened notice as the discovery cutoff, for all non-expert discovery, is set for May 1, 2009.[2]

## II. MOTION TO COMPEL

Defendants bring this motion to compel (Doc. 31) to compel plaintiff's attendance at a videotaped IME on April 1-2, 2009, pursuant to Rule 35(a) of the Federal Rules of Civil Procedure, to be conducted by Dr. Gilbert Kliman. Defendants also request a court order to compel plaintiff's mother, G.B., to participate in the examination of plaintiff. Plaintiff agrees that he is required to submit to an IME, and has not objected to the examination being conducted by Dr. Kliman, but objects to Dr. Kliman's intention of videotaping the examination and requiring the participation of his mother.[3]

### A. VIDEOTAPING

Rule 35 allows the court to order "a party whose mental . . . condition . . . is in controversy to submit to a . . . mental examination by a suitably licensed or certified examiner." Rule 35(a)(1). In addition, the court is required to "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Rule

---

[2] However, the court notes that the scheduling (pretrial scheduling) order (Doc. 28) sets a deadline of November 2, 2009 for all expert discovery. To the extent this order does not successfully resolve any and all issues related to plaintiff's IME, the court will extend the deadline for any remaining issues related to the IME to July 1, 2009.

[3] The parties have indicated they are in agreement that the IME will be conducted over a two day period, limited to five hours total. As this is the parties' agreement, the court will accept that condition.

35(a)(2)(B).

In resolving the issue of whether the IME can be recorded, the parties acknowledge that courts have come down on both sides of the issue. Generally, the court has discretionary authority under the discovery rules to permit the presence of a third person or a recording device at a court-ordered psychiatric examination. See <u>Hertenstein v. Kimberly Home Health Care, Inc.</u>, 189 F.R.D. 620 (D. Kan. 1999). A review of the relevant case law on this matter shows that this issue usually arises in the context of a plaintiff requesting the presence of a third party at, or a recording of, the examination. This case is the opposite. Here, the defense expert is requesting the right to videotape the examination in order to facilitate a complete examination of the plaintiff.[4]

When a plaintiff requests the examination be recorded, the request usually involves concerns about improper questions or techniques during the exam, the need for emotional support regarding sensitive material, or concern that the exam will turn into a *de facto* deposition. None of those concerns are present in this case. Here, plaintiff is concerned that Dr. Kliman's use of the videotape will have a negative impact on plaintiff, and on the interview in general.[5]

///

---

[4] Plaintiff also raises veracity questions related to Dr. Kliman's declaration. The court does not read the declaration of Dr. Kliman in the same manner as plaintiff's counsel. Counsel takes issue with Dr. Kliman's statements that he is "familiar" with the diagnosis and treatment of autism. This is an issue that plaintiff can raise at trial in relation to defendants' use of Dr. Kliman as an expert or as to his testimony. At present, however, plaintiff has not asked the court to appoint a different expert to conduct the examination, and has not specifically challenged Dr. Kliman's expert status. The court does not find it appropriate to make any findings on that point in this order.

[5] Plaintiff also argues that the use of a video camera is contradicted by the opinion of the American Psychological Association's paper on Third Party Observers. The court is not persuaded by this argument. If plaintiff's counsel believes the use of the videotape during the examination adversely affected the results, she may be able to use that during the trial. However, the court will not limit Dr. Kliman's use of the videotape in his examination at this point. The court is satisfied with Dr. Kliman's reasons for the request.

> Because the mental examination provides one of the few opportunities for a defendant to have access to a plaintiff, and the only opportunity for a defendant to have a plaintiff examined by defendant's expert, some preference should be given to allowing the examiner to exercise discretion in the manner and means by which the examination is conducted, provided it is not an improper examination.

Ragge v. MCA/Universal Studios, 165 F.R.D. 605, 609-10 (C.D. Cal. 1995) (disallowing a third party observer, as plaintiff had requested, due to "[t]he potential for a third party observer to interfere with, or even contaminate, a mental examination").

Dr. Kliman states specific and reasonable reasons for requesting the use of the videotape. Dr. Kliman states that he routinely uses a small video camera as part of his diagnostic technique. He further states that, particularly with traumatized children, "a child's facial expressions, body language, movements and behavioral enactments communicate medically significant information which can be captured on videotape for the purposes of providing a fuller clinical picture of an individual's condition upon later review." (Declaration of Gilbert Kliman, M.D. (Doc. 33) at 2.) In addition, Dr. Kliman indicates the video camera he uses is small, is placed in a stationary location and no particular attention is drawn to the camera. No videographer will be present during the exam. The court has considered the concerns outlined by plaintiff's expert, Dr. Solomon, including the uncertainty of how plaintiff might react to being videotaped during his interview, and concerns about retraumatizing plaintiff. The court is sympathetic to plaintiff's condition, but as Dr. Solomon points out, plaintiff may suffer simply from the examination, as he did following Dr. Solomon's examination. The court does not wish to cause plaintiff any additional trauma, but Dr. Solomon even acknowledges there is no way to predict how plaintiff will react, and whether the addition of the unobtrusive video camera will cause additional trauma. Finally, Dr. Solomon raises a concern regarding the need to inform plaintiff about the use of the recording device. While the court does not argue with Dr. Solomon's opinion that a psychologist must inform the test-taker that the exam will be recorded, this issue can be easily addressed by so informing plaintiff's mother. Plaintiff is a minor, and

therefore unable to authorize any medical procedure for himself. He is required to have parental authorization for any medical procedure, and the same can be true for the use of a video camera during his examination by Dr. Kliman. In the court's opinion, there is no reason to inform plaintiff himself that the examination will be recorded, so long as his parent is informed.[6] The court further notes that even Dr. Solomon acknowledges that there is no research which definitively proves, either way, whether videotaping impacts a child's answer. (Declaration of Dr. Paula Solomon (Doc. 37) at 6).

Plaintiff cites to Nicholas v. Wyndham Intern., Inc., 218 F.R.D. 122, 124 (D. V.I. 2003, in support of his position that the examination should not be videotaped. In Nicholas, the court did not allow defendant's expert to videotape a minor's examination. However, as plaintiff acknowledges, the court noted "that courts generally - but not always - prohibit video recording when there is a concern that allowing the recording will tend to make the examination adversarial." 218 F.R.D. at 124 (citing Holland v. United States, 182 F.R.D. 493, 496 (D.S.C. 1998), Tomlin v. Holecek, 150 F.R.D. 628, 634 (D. Minn. 1993)). The court found the magistrate judge properly exercised his discretion in denying the defendant's expert's request to videotape the examination. See id. However, the court also recognize that magistrate judges are allowed to use their discretion in resolving nondispositive discovery disputes. Id. at 123 (citing Rule 72(a)).

There is no indication in this case that the unobtrusive use of a video camera will make the examination of plaintiff adversarial. The undersigned finds that the use of a video camera in plaintiff's mental examination by Dr. Kliman should be allowed, and defendants' motion will be granted.

///

---

[6] Dr. Solomon's declaration also questions the tests Dr. Kliman has indicated he might use during the examination. However, as there is no request before the court to limit the tests, the court does not address this issue.

5

### B. PARTICIPATION OF PLAINTIFF'S MOTHER

Defendant also requests plaintiff's mother be required to participate in plaintiff's examination "to the extent necessary to permit Dr. Kliman to understand any background information concerning Plaintiff and Plaintiff's condition and to facilitate meaningful interaction between Dr. Kliman and Plaintiff." (Memorandum of Points and Authorities in Support of Motion (Doc. 32) at 8.) Plaintiff objects to the participation of his mother because she is not a party to this action.

Neither party cites any relevant case law in support of their position. As the court has discretion in specifying the manner, conditions and scope of the examination, the court finds the participation of plaintiff's mother to be a reasonable request. The purpose of Rule 35 examinations are to place the parties on equal footings. Certainly plaintiff's expert had the ability to be informed by plaintiff's mother of his relevant background. The defense expert should be able to obtain the same relevant background information. Dr. Kliman has never treated plaintiff, and in order to conduct a meaningful examination of plaintiff, will require some background information that a 10-year old child is not likely able to provide. The court also notes that the presence (and assumed cooperation) of the child's mother at the IME had previously been discussed and agreed to between the parties. (Declaration of Mandy G. Leigh (Doc. 39-2) at 4). For plaintiff now to posture differently would be disingenuous. At the hearing, defense counsel clarified that the participation of T.B.'s mother will be limited to an interview to collect background information about plaintiff's history. No videotaping of the mother's interview is requested, and none will occur.

Plaintiff argues that there is no basis for an examination of his mother, and such an examination is contrary to Ninth Circuit authority. However, plaintiff misreads defendant's request. This is not a demand for the parent to submit to a medical evaluation, but to assist Dr. Kliman in his examination of plaintiff. The court notes that while plaintiff's mother is not a party to this action, she is the parent, by and through whom the minor brings this action. The court will

require plaintiff's parent, G.B., to assist Dr. Kliman in the examination of plaintiff to the extent such assistance is necessary for Dr. Kliman to conduct a reasonable examination of plaintiff.

### III. SANCTIONS

Both parties request sanctions against the other party. Defendant requests sanctions in the amount of $1,500 in attorney fees, and $6,000 as and for the costs Dr. Kliman charged for the cancellation of the previous examination. Plaintiff requests sanctions in the amount of $1,800.

Rule 37(a)(5)(A) provides that the court must require the party whose conduct necessitated the motion, the attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, unless the motion was filed before attempting in good faith to resolve the issues, or the opposing party's objection was substantially justified. Defendants, as the moving party whose motion is granted, is to be awarded reasonable expenses unless the opposing party's objection was substantially justified.[7]

Defendants requests sanctions in the amount of $7,500 ($1,500 in attorney fees for bringing the motion and $6,000 cancellation fee). In support of this request, defendants have provided a declaration from defense counsel setting forth the basis for the $1,500, and a declaration from Dr. Kliman setting forth the basis for the $6,000 cancellation fee.

From the outset, the court finds that plaintiff's counsel has taken positions in previous discovery disputes in this action that have appeared to be obtrusive and lacking in the spirit of cooperation. In a conference call among the court and counsel on March 6, 2009, the court questioned plaintiff's counsel whether she had either legal authority or medical opinion to support her refusal to allow Dr. Kliman to videotape the IME. At that time she did not, and was

---

[7] Plaintiff takes issue with defense counsel's "good faith" resolution attempts and with defense counsel's failure to follow Local Rule 37-251. The court finds the parties did participate in sufficient attempts to resolve this issue prior to defendants filing this motion. The court also notes that while plaintiff raises the issue of Local Rule 37-251, the parties stipulated to, and the court approved, plaintiff filing a separate opposition to the motion. The court finds neither of these two issues provide reason to deny defendants' sanction request.

admonished that she preceded at her own risk if Dr. Kliman was not allowed to conduct the IME in the manner that he anticipated. Thereafter, plaintiff's counsel continued to maintain her position in refusing the IME to be videotaped, and the IME was subsequently cancelled.

In Dr. Kliman's declaration (Doc. 33), he states that a $6000.00 cancellation fee was imposed upon defendant's counsel because the IME was cancelled "with less than a day's notice." Although, there is some concern that not all e-mails from plaintiff's counsel to defendant's counsel were received, it does appear that plaintiff's counsel notified defendant's counsel on both March 9th and 10th, by way of e-mail, of her refusal to allow the videotaping of the IME to take place. (Leigh Dec. (Doc. 39-2) at 16, 25). Since these e-mails appear to have been timely sent, defendant's counsel would have had time to avoid the Kliman cancellation fee for the IME scheduled on March 12th by notifying Dr. Kliman at anytime before March 11th. For these reasons, sanctions against defendant will not include these cancellation charges.

With respect to the attorney's fees requested by defendant's counsel for bringing this motion, this court finds that an award of a portion of these fees to be appropriate, eliminating time spent in pursuing Dr. Kliman's cancellation fee.

Plaintiff's position was not substantially justified, especially in light of the parties' previous attempts to resolve this issue informally by telephone conference with the undersigned. Plaintiff's counsel was first informed of defense counsel's intent to videotape the IME as early as March 3rd. (Leigh Dec. (Doc. 39-2) at 11). Yet Dr. Solomon became involved no earlier than March 16th in opining on the propriety of the videotaping. (Dr. Solomon's Declaration was signed on March 20, 2009, wherein she discusses her review of Dr. Kliman's March 16th declaration). Similarly, the court recognizes that Dr. Solomon is not a psychiatrist and is " not a treating expert nor . . . a fact expert." (Leigh Dec. (Doc. 39-2) at 9).

During that informal conference on March 6th, counsel was warned that serious sanctions may be imposed if she failed to allow the examination to take place. Therefore, the court finds an imposition of sanctions in the amount of $ 999.00 to be appropriate.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (Doc. 31) is granted;

2. Plaintiff shall submit to an independent mental examination, to be conducted by Dr. Kliman at Duensing deposition reporters, located at 2840 Cohasset Road, Chico, California, 95973, on April 1, 2009, at 10:00 a.m., and continued on April 2, 2009, at 10:00 a.m.

5. Dr. Kliman is allowed to use a small video camera during the examination of plaintiff, which is to be set up so as to be unobtrusive and no special attention is to be drawn to the camera;

6. Plaintiff's mother, G.B., shall participate in the examination to the extent required to provide Dr. Kliman with background information concerning Plaintiff's individual and clinical history and to facilitate meaningful interaction between Plaintiff and Dr. Kliman. Dr. Kliman shall notify defendant's counsel immediately if he finds her to be uncooperative.

7. No other persons shall be present during the examination;

8. Defendants are awarded sanctions in the amount of $999.00;

9. Plaintiff's motion for sanctions is denied; and

10. The discovery deadline for any unresolved issues relating to plaintiff's IME is extended to July 1, 2009. All other discovery deadlines remain as set in the court's scheduling order.

DATED: March 26, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE