# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

T.B., a minor, by and through his parent, G.B.,

    Plaintiff,

vs.

CHICO UNIFIED SCHOOL DISTRICT, et al.,

    Defendants.

No. CIV S-07-0926-GEB-CMK

ORDER

Pending before the court is Plaintiff's Ex Parte Application for an Order Shortening Time (Doc. 54). Plaintiff is requesting a shorten time to hear his Motion for Relief from Automatically Deeming Responses to Request for Admissions Admitted (Doc. 52).

According to the Scheduling Order (Doc. 28), all discovery is to be completed in this matter by May 1, 2009. For hearings on discovery disputes, Eastern District Local Rule 37-251(a) provides that any party may set a hearing "on the appropriate calendar at least twenty-one (21) days from the date of filing." In an apparent attempt to comply with the Scheduling Order and Rule 37-251, Plaintiff filed his motion on April 17, 2009, and attempted to set it for hearing on May 1, 2009. However, May 1, 2009, was not a set Civil Law and Motion date on the undersigned's calendar, and counsel did not contact the court to obtain an appropriate hearing date and time. Accordingly, the hearing Plaintiff set for May 1, 2009, was taken off calendar.

The undersigned is aware of the timing issues involved in setting a hearing date for Plaintiff's motion. The next regularly scheduled Civil Law and Motion date before the

1

undersigned is May 7, 2009. This date is one week beyond the discovery cut off date set in this case. However, given the court's unavailability to hear this matter on May 1, 2009, as Plaintiff had attempted to set, the undersigned will set this matter for hearing on May 7, 2009, and will deem it timely heard. This will render Plaintiff's Application for an Order Shortening Time unnecessary, and it will therefore be denied.[1] Defendants will be provided an opportunity to file a response to Plaintiff's motion on or before May 1, 2009.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Ex Parte Application for an Order Shortening Time is denied;

2. Plaintiff's Motion for Relief from Automatically Deeming Responses to Request for Admissions Admitted is set for hearing on May 7, 2009, before the undersigned in Redding, California, at 11:00 a.m. Telephonic appearances by counsel will be permitted; and

3. Defendants' response to Plaintiff's Motion for Relief, if any, is to be filed on or before May 1, 2009.

DATED: April 22, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] Counsel also contends that an Order Shortening Time is necessary in order to allow her time to file a Motion for Reconsideration pursuant to FRCP 72 and Rule 72-303. The undersigned does not find this argument persuasive, especially considering the time frame in which this motion is filed. In order to allow Plaintiff the 10 days for filing a Motion for Reconsideration prior to the May 1, 2009, deadline, the undersigned would have been required to issue an order on this matter on or before April 21, 2009. Plaintiff did not even file her Application for an Order Shortening Time until April 21, 2009. Clearly the court cannot consider and issue an order relating to Plaintiff's Motion for Relief on the same day as the Application for an Order Shortening Time is filed, and without allowing Defendants time to file a response to the Motion. If Plaintiff determines a Motion for Reconsideration is necessary, counsel will have to confer with the District Judge as to the propriety of filing a timely request.