IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

T.B., a minor, by and through his parent, G.B.,

    Plaintiff,

vs.

CHICO UNIFIED SCHOOL DISTRICT, et al.,

    Defendants.

No. CIV S-07-0926-GEB-CMK

ORDER

        Pending before the court is Plaintiff's Motion for Relief from Automatically Deeming his Responses to Defendants Requests for Admissions Deemed Admitted (Dc. 52). Defendants filed an opposition to the motion (Doc. 56). A hearing on this motion is currently set before the undersigned for May 7, 2009, at 11:00 a.m.

        Plaintiff is requesting relief from the requirement, pursuant to Rule 36(a)(3), that after being served with a request for admissions, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter . . . ." Fed. R. Civ. Proc. 36(a). "[T]he court may permit withdrawal or amendment [of the admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting

party in maintaining or defending the action on the merits." Rule 36(b).

Plaintiff admits that due to a calendaring error, counsel failed to timely respond to Defendants' Requests for Admissions. Plaintiff's responses were one to six days late, but were received prior to Defendants' deposition of Plaintiff's mother. Plaintiff argues that the admissions requested are material to the merits of this case, and that "without withdrawal or amendment of the omitted matters, there are no factual issues remaining for trial." (Plaintiff's Motion, Doc. 52, at 5). In addition, Plaintiff argues that Defendants will not be prejudiced by providing him relief from the admissions.

Defendants filed a response to Plaintiff's motion. The response admits that Plaintiff has met the first requirement of Rule 36(b), in that without granting relief "Plaintiff would likely be prohibited from presenting any evidence on liability." (Defendants' Response, Doc. 56, at 2). In addition, Defendants admit that any prejudice they have suffered from the delayed responses "would not rise to the high level" required to justify denying Plaintiff's request. (Id. at 3).

Defendants response is essentially a statement of non-opposition. The undersigned agrees that Plaintiff has met the first requirement of Rule 36(b). Not granting Plaintiff relief from deeming the requests for admission admitted "'would practically eliminate any presentation of the merits of the case.'" Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007) (quoting Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995). The second requirement, that Defendants failed to show prejudice, has also been met. Defendants would have to show more than they would now have to defend against plaintiff's case. Rule 36(b) requires the Defendants to show that they would be unable to maintain or defend against Plaintiff's claims. Defendants admit they are unable to meet this burden. As there is no substantial opposition to granting Plaintiff's motion, the undersigned finds there is no need to hold a hearing on this matter.

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on Plaintiff's Motion for Relief, currently set for May 7, 2009, is taken off calendar and deemed submitted on the papers;

2. Plaintiff's unopposed Motion for Relief (Doc. 52) is granted;

3. Plaintiff is granted relief under Rule 36(b) from having his responses to Defendants' Requests for Admissions deemed admitted.

DATED: May 4, 2009

／s／ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE