IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---

T.B., a minor, by and through his )
parent and guardian ad litem G.B., )
)
        Plaintiff, ) 2:07-cv-00926-GEB-CMK
)
    v. ) ORDER ENFORCING SETTLEMENT[*]
)
CHICO UNIFIED SCHOOL DISTRICT, )
CHET FRANCISCO in his individual )
capacity, MAUREEN DIETZ, in her )
individual capacity, DALE DURNIAK, )
DAVE SCOTT in his individual )
capacity, CHERI MCGUIRE in her )
individual capacity, ERIC SNEDEKER )
in his individual capacity, JOYCE )
BURDETTE in her individual )
capacity, )
)
        Defendants. )
_____)

        On February 17, 2010, Defendants filed a motion to enforce a $40,000 settlement entered into by the parties on May 25, 2009. Defendants argue the Court should enforce the settlement despite the minor, T.B.'s ("Plaintiff" or "the minor") guardian ad litem's ("G.B.") repudiation of the settlement. Plaintiff's counsel has filed a declaration and attached exhibits under seal in support of the

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

motion to enforce the settlement.  Attached to Plaintiff's counsel's declaration are email, letter, fax, and text message communications between Plaintiff's counsel and Defense counsel and between Plaintiff's counsel and G.B.

The communications between Defense counsel and Plaintiff's counsel reveal that the parties reached a settlement on May 25, 2009. The terms of the settlement are: (1) Defendants agree to pay $40,000 to Plaintiff in damages, costs, and fees within 10 days of an Order approving the settlement; (2) each side bears its own attorney's fees and costs; and (3) the lawsuit will be dismissed with prejudice.  The following communications are revealed in the declaration and exhibits filed under seal:

- In a letter dated May 21, 2009 Defense Counsel offered to settle the case for $40,000.  The offer was to remain open until the close of business on May 25, 2009.
- In an email dated May 22, 2009, G.B. communicated to Plaintiff's counsel that she would authorize the settlement only if $16,500 of the settlement was paid to the minor, with the remainder paid as attorney's fees.
- In an email dated May 23, 2009, G.B. communicated to Plaintiff's counsel that she had spoken with the minor, that the minor wanted to put all school-related issues, including the case, behind him, that he agreed to accept a $40,000 settlement, and that he agreed that $5,000 of the settlement would be paid to the minor, with the remainder paid as attorney's fees.  G.B. also authorized Plaintiff's counsel to accept the $40,000 settlement offer in this email.  G.B. confirmed the email in a text message dated May 23, 2009.
- In a fax dated May 25, 2009, Plaintiff's counsel accepted Defendants' offer to settle the case for $40,000.

G.B. has since refused to file a "Petition for Compromise of Minor's Claim" with the Court.  Accordingly, Defendants seek enforcement of the settlement reached on May 25, 2009, arguing it is in the best interests of the minor, and that G.B.'s repudiation of the settlement is inimical to the minor's best interest.

2

"[A] guardian ad litem may repudiate a settlement prior to court approval." Dacanay v. Mendoza, 573 F.2d 1075, 1079 (9th Cir. 1978). "Since the enforceability of a contract in settlement of litigation involving a minor party depends upon the approval of a court, . . . such a contract is voidable at the election of the minor through his guardian ad litem unless and until the court's imprimatur has been placed on it." Id. at 1080. However, "an obdurate guardian ad litem cannot with impunity foreclose the court from directing a proposed settlement; otherwise, the court's jurisdiction over the minor as a ward of the court would be surrendered to one of the court's own officers." Id. Therefore, "the court has limited power to direct a settlement unilaterally, but to do so, the court must first find that the guardian ad litem has acted arbitrarily and capriciously in the sense that [her] conduct is inimical to the best interests of the court's ward." Id.; see also Estate of Ricardo Escobedo v. City of Redwood City, 2006 WL 571354, at *11 (N.D. Cal. 2006) ("[O]nce a guardian makes a timely repudiation, the trial court may unilaterally enforce the compromise if the court finds the guardian acted arbitrarily, capriciously and inimical to the minors best interest.").

Here, the settlement is in the best interests of the minor. The settlement prevents the minor from having to endure a trial and the substantial risk of losing his case. This case concerns whether the minor was subjected to unnecessary force, what force was used, and whether the minor's behavior justified the amount of force used. Since the minor's position on liability clashes with many adult witnesses, the minor's chances of prevailing on his claims are slim. However, the guardian ad litem repudiates the settlement. When

evaluating the deference to be given to this repudiation, "the Court examines the reason given for the repudiation." Estate of Ricardo Escobedo, 2006 WL 571354, at *13.  Here, the repudiation is not grounded in an objective assessment of the strengths and weaknesses of the case.  There are no new facts, evidence, or legal arguments that have come to light that undermine the propriety of the settlement.  The basis of the guardian ad litem's repudiation is an attorney fee dispute.  After receiving the offer from the Defendants to settle the case for $40,000, the guardian ad litem originally communicated to Plaintiff's counsel that she would only settle if $16,500 of the settlement was paid to the minor.  The next day, the guardian ad litem, after speaking with the minor, changed her position and authorized Plaintiff's counsel to accept the settlement with only $5,000 of the settlement to be paid to the minor.

Plaintiff's counsel has provided the Court with evidence that her law firm has incurred $119,088.59 in legal fees and costs, and states G.B. has only paid Plaintiff's counsel's law firm $23,216.00.  Plaintiff's counsel states the attorney fee will be completely settled if the Court enforces the settlement by giving $16,500 of the settlement amount to the minor to be used for the provision of therapeutic services and in home educational support, and the remaining $23,500 of the settlement to counsel for attorney's fees.  This distribution of the settlement proceeds is reasonable in light of the amount of legal services rendered by Plaintiff's attorney.

For the stated reasons, the Court finds that the settlement is in the best interests of the minor, and that G.B.'s repudiation of the settlement was arbitrary, capricious, and inimical to the minor's

1 best interest.  Therefore, Defendant's motion to enforce the
2 settlement is GRANTED.
3 Dated:  March 19, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge